UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER C. MILLER, | : | **CASE NO. 1:12-CV-1214** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| THOMAS KEARNEY, MARY SABOL, | : | |
| and AL SABOL, | : | |
| | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

Because the petitioner has not exhausted state remedies, we recommend that the petition for a writ of habeas corpus be dismissed.

I.  Background and Procedural History.

On June 26, 2012, the petitioner filed a petition for a writ of habeas corpus. He did not, however, use the standard petition form. So we ordered him to refile his petition using the standard form. He did so. But he did not include the docket number of this case on his petition. As a result, the Clerk of Court opened a new case and docketed the petition in that case. *See Miller v. Sabol,* 1:12-CV-01367. The Clerk then issued an

administrative order in that case for the petitioner to either pay the $5.00 filing fee or file an application to proceed *in forma pauperis.* The petitioner complied by filing an application for leave to proceed *in forma pauperis*, which was docketed in this case.

To get the case back on track, by a separate order we directed the Clerk of Court to close *Miller v. Sabol,* 1:12-CV-01367 and to docket the petition in that case as an amended petition in this case. We also granted the petitioner's application for leave to proceed *in forma pauperis.*

The petitioner is challenging the revocation of his probation. He contends that his extradition from North Carolina to Pennsylvania, which lead to the revocation of his probation, was illegal. He also claims that his counsel was ineffective. It is not clear from the petition whether that claim relates to his probation revocation or his original conviction.

We recommend that the petition be dismissed because the petitioner has not exhausted state remedies.

II. Discussion.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, we review the petition to determine whether it plainly appears from the petition that the petitioner is not entitled to relief.

It plainly appears from the petition that the petitioner has not exhausted state court remedies, and, therefore, he is not entitled to relief.

A state prisoner must exhaust available state remedies before filing a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v*

*Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In his petition, the petitioner states that he has filed a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons.Stat. §§ 9541-9546. He states that a hearing on that petition is scheduled for August 27, 2012.

Because the petitioner's Post Conviction Relief Act petition is still pending, it is clear that the petitioner has not exhausted state remedies. So we will recommend that the petition be dismissed without prejudice to the petitioner, if appropriate, timely filing another petition after he has exhausted state remedies.

III.    Recommendations.

Because it plainly appears that the petitioner has not exhausted state remedies, we recommend that the petition be dismissed without prejudice and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 1, 2012.